<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALAIN BOUAZIZ | Criminal No. 22-542 (EP)<br><br>**MEMORANDUM ORDER** |

<u>**Evelyn Padin, U.S.D.J.**</u>

Defendant Alain Bouaziz, a French national, pled guilty to submitting forged documents to the FDA in violation of 18 U.S.C. § 1001(a)(2). He seeks, before sentencing on December 14, 2022, permission to travel to France. For the reasons below, after a hearing on the record on September 13, 2022, the Court denies the application without prejudice.

Mr. Bouaziz is a 69-year-old French national who resides in France and Dubai. D.E. 21. His partner of 35 years, Ms. Hatte, lives in France. Mr. Bouaziz has an MBA from the University of Paris and has spent the past two decades in pharmaceutical regulatory affairs. *Id.*

In the fall of 2020, Mr. Bouaziz, then CFO of Hexim Pharmaceuticals ("Hexim") based in Secaucus, New Jersey, was served a Grand Jury subpoena requesting documents related to Sanorex, a weight loss drug. *Id.* In November 2021, Mr. Bouaziz returned to the United States for the first time since the pandemic. *Id.* He found that the Government had seized numerous items pursuant to a search warrant. *Id.*

On November 23, 2021, Mr. Bouaziz was charged with one count of making false statements by submitting forged documents to the FDA to gain control of a weight loss drug in

violation of 18 U.S.C. § 1001(a)(2).  According to the Government, Mr. Bouaziz had forged the documents to have Hexim gain marketing control of Sanorex.  *Id.*; D.E. 1.

On November 30, 2021, after a week in the Hudson County Jail, Mr. Bouaziz was released into the custody of his friend Pierre Arbitbol, a licensed New York attorney.[1]  Judge Kiel imposed several release conditions: a $100,000 unsecured bond, surrender of all passports and travel documents, no travel outside of New Jersey and New York unless otherwise approved by Pretrial Services, and local residence.[2]  D.E. 21.

Mr. Bouaziz pled guilty on August 11, 2022.  D.E. 19.  He is currently scheduled to be sentenced on December 14, 2022.  On August 23, 2022, by counsel, Mr. Bouaziz requested to travel to France.  D.E. 21.

Mr. Bouaziz seeks to travel for several reasons: First, his partner Ms. Hatte, who is 75 years old, broke her collarbone, suffering additional complications thereafter including depression; second, Mr. Bouaziz's French pension, which requires an annual appearance to show "proof of life," ceased, causing "financial concern given the unexpected expense" of living in New York; and Third, Mr. Bouaziz has his own health concerns and "can only receive routine medical treatment in France without incurring exorbitant fees" because he only has emergency travel medical insurance covering his time in the United States.  D.E. 21 at 2-3.  Mr. Bouaziz's guarantor, Mr. Abitbol, who is responsible for the $100,000 unsecured bond, consents to the request.  D.E. 21-1 at 2.

After conviction, a defendant is generally ordered detained and bears the burden of showing by clear and convincing evidence that he is not likely to flee. See 18 U.S.C. § 3143(a)(1).

---

[1] The Court has confirmed that Mr. Abitbol is a New York attorney in good standing.
[2] Pre-trial services approved Mr. Bouaziz's chosen Manhattan residence, but there is no support for Mr. Bouaziz's contention that he was *required* to live in Manhattan.  D.E. 10.

The exception is when, as here, the U.S. Sentencing Guidelines do not recommend imprisonment. *Id.* Here, Bouaziz faces a statutory maximum penalty of five years. Mr. Bouaziz's plea agreement identifies a Final Offense Level of 4, carrying a recommended zero to six month sentence.

Nevertheless, if releasing an individual before sentencing, the Court must impose conditions that "reasonably assure the appearance" of Bouaziz at sentencing. See 18 U.S.C. §§ 3142, 3143. Imposing those conditions requires courts to consider certain statutory factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the person's history and characteristics,[3] and (4) danger to the community.

The Government opposes Mr. Bouaziz's request, focusing specifically on the second and third factors. First, the Government argues, and Mr. Bouaziz does not dispute, that the weight of the evidence is firmly against him. He has pled guilty to the charges, and therefore admitted the underlying facts. This factor weighs against him.

The Government next notes that Bouaziz was under a suspended French sentence for a similar conviction when he was arrested here. *Opp'n* 2. In reply, Mr. Bouaziz explains that "he never pled guilty but was instead found guilty in his management capacity of Alkopharma for the sale of expired prescription medication that dates back to 2009 through 2011." *Reply* at 1-2. His French sentence, he explains, was a twelve-month suspended sentence which will be "null and void" if he does not commit an offense for five years. *Id.* He adds that his present conviction cannot violate his French suspended sentence because this conviction "predated his sentencing."

---

[3] This includes character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

This factor is neutral, because both parties' contentions lack record support regarding the French sentence and its implications.

Much of the Government's opposition focuses on Mr. Bouaziz's lack of ties to the United States and disincentive to return. Mr. Bouaziz concedes his strong ties to France and Dubai. *Reply* at 1. According to the Government, these ties exacerbate Mr. Bouaziz's risk of flight because he now faces potential imprisonment and fines, as well as the sanction of a criminal conviction that might never become final if he skips sentencing. The Government emphasizes that France simply does not extradite its citizens to the United States, a fact which Mr. Bouaziz concedes and which is the strongest factor counseling against travel. *Motion* at 3; *United States v. Lieberman*, 496 F. Supp. 2d 584, 587 (E.D. Pa. 2007) (denying request of defendant convicted of conspiracy and facing life imprisonment to travel to China for experimental medical procedure because China lacks extradition treaty with United States).

According to Mr. Bouaziz, it would "defy logic" to abscond because his Sentencing Guideline offense level, four, is too low to justify fleeing. *Id.* at 3. But Mr. Bouaziz, characterizing that offense level as one that "generally results in a probationary sentence," concedes that prison time remains a possibility. *Reply* at 1. Mr. Bouaziz argues that absconding could result in French detention while such a request is adjudicated, something he does not wish to experience again after his time in the Hudson County Jail. *Id.* But like other issues of French law raised by Mr. Bouaziz, his position lacks support. Moreover, his argument simply bolsters the Government's point: Mr. Bouaziz wants to avoid time in jail, no matter how brief—a likelier (and more immediate) risk here than in France. Accordingly, this factor weighs against him.

The Court shares the Government's concerns that Petitioner's principal reasons for traveling—Ms. Hatte's health, his pension, and his medical care—are unsupported by the record.

Mr. Bouaziz purports to attach, for this first time in reply, his and Ms. Hatte's relevant medical records demonstrating a need for medical care.  *Reply* at 2, n.1.  Though some records have been translated, the Court cannot consider many of them because they are either in French or (in the case of Mr. Bouaziz's records) are uncertified translations.  *See., e.g., Reply Exh.* at p. 15; *Rivas-Montano v. United States*, No. 803CR47T24, 2006 WL 1428507, at *1 (M.D. Fla. May 22, 2006) (collecting cases requiring translation of foreign documents).  Moreover, as explored on the record, there appears to be no medical reason Ms. Hatte cannot travel to the United States to visit Mr. Bouaziz.

Even if the Court accepted the medical arguments, however, Mr. Bouaziz's claim that he must appear in person in France to collect his French pension is unsupported by any citation.  And perhaps for good reason: the French Consulate General indicates that a life certificate is sufficient.  *See*  https://newyork.consulfrance.org/proof-of-life-certificate;  https://chicago.consulfrance.org/french-retirement-pension-life-certificate ("You may refer to a 'notary public', which has the authority to fill out your life certificate.") (accessed September 12, 2022).

The Government also argues that Mr. Bouaziz's financial position, a $11,666 monthly salary and several hundred thousand dollars in assets, permit him to obtain medical care without traveling to France.  *Opp'n* at 3.  Mr. Bouaziz responds that he retired shortly after his arrest.  *Reply* at 3.  He admits, however, that he is entitled to a "French pension as well as his savings."  *Id.*  He does not, however, state the amount of his pension or his medical costs—or, as previously discussed—attach records permitting the Court to determine his ongoing medical requirements.  Thus, the Court cannot find, as Mr. Bouaziz urges, that paying for care here would "deplete his savings."  *Id.*

Finally, the Court notes another matter explored on the record: Mr. Bouaziz's immigration status. It appears that Mr. Bouaziz entered the United States on a visitor visa which expires either late this year or early next year. In either case, this further lessens Mr. Bouaziz's incentive (or perhaps his very *ability*) to return for sentencing. Accordingly, this provides another basis to deny this application.

For these reasons, the Court is not convinced that permitting Mr. Bouaziz to travel would reasonably assure his appearance at sentencing. It is therefore

ORDERED that the application of Defendant Alain Bouaziz to modify his bail conditions to permit travel (D.E. 21) is DENIED without prejudice.

Dated: September 13, 2022

_____
Evelyn Padin, U.S.D.J.